UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| v. | ) ) | Criminal No. 04-128-13 (RMC) |
| JONTE ROBINSON, | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

On November 10, 2007, Mr. Robinson filed a motion for reconsideration of the Court's denial of the motion to withdraw his guilty plea [Dkt. # 903] ("Def.'s Mem."). The United States filed a timely opposition on November 16, 2007 [Dkt. # 904]. For the reasons stated below, the Court will deny Mr. Robinson's motion.

In asking the Court to reconsider, Defendant Robinson now claims that the last minute plea discussions between the Defendant and his former counsel might have led to a misunderstanding. *See* Def.'s Mem. at 1-2 (suggesting former counsel was "heavy handed" during "hurried" cell block discussions; such discussions left Mr. Robinson "without the full understanding of the agreement necessary for true voluntariness"). The motion is vague, speculative, and never articulates the details of the alleged misunderstanding. Mr. Robinson argues that an evidentiary hearing is warranted because the record is unclear as to what precipitated the Defendant's plea. *Id*. at 2.

The Court is not required to inquire into what precipitated Defendant's plea. The law

requires only that the Defendant express an intent to enter a guilty plea and that he do so voluntarily and with an understanding of the consequences of such a plea. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *United States v. Curry*, 494 F.3d 1124, 1131 (D.C. Cir. 2007) (court not required to hold an evidentiary hearing on motions to withdraw pleas when material facts are not in dispute). It is not enough for Mr. Robinson to say simply that former counsel was "heavy handed" during cell block discussions. *See Fields v. Gibson*, 277 F.3d 1203, 1214 (10th Cir. 2002) (noting "[a]dvice – even strong urging by counsel does not invalidate a guilty plea") (internal citations omitted).

The D.C. Circuit is "extremely reluctant" to reverse a district court's denial of a motion to withdraw a plea where the defendant failed to show error under Federal Rule of Criminal Procedure 11. *United States v. Cray*, 47 F.3d 1203, 1208 (D.C. Cir. 1995). "[A] defendant who fails to show some error under Rule 11 has to shoulder an *extremely heavy burden* if he is ultimately to prevail." *Id*. (emphasis added). This Court has already determined that the plea colloquy complied with the Rules. *See* Memorandum Opinion [Dkt. # 841] at 8. The Court queried Mr. Robinson at the time of his plea to confirm that it was knowing and intelligently rendered. After considering Mr. Robinson's answers, this Court found that his plea was knowing and voluntary. Transcript of Plea Proceedings, January 11, 2007 ("Tr.") at 32-33. The Court questioned Mr. Robinson regarding his level of understanding of the plea agreement, *see* Tr. at 27-34, and confirmed that he was satisfied with the representation provided by both of his defense attorneys, *see* Tr. at 27. Mr. Robinson's testimony under oath flatly contradicts the claims in his recent motion.

For the reasons stated above, the Court will deny Mr. Robinson's motion. This Court need not conduct an evidentiary hearing and Mr. Robinson has failed to show that there is a "fair and just reason" for withdrawing his plea. Fed. R. Crim. P. 11(d)(2)(B); *United States v. Horne*, 987

F.2d 883, 837 (D.C. Cir. 1993). A memorializing order accompanies this Memorandum Opinion.

Date: November 21, 2007                           _____/s/_____
                                                  ROSEMARY M. COLLYER
                                                  United States District Judge